JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, IDAHO 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

FEB 15 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> EFREN ALEXANDER AVILES-PACHECO, <br><br> Defendant. | Case No. CR 23-0049-S BLW <br><br> **INDICTMENT** <br><br> 21 U.S.C §§ 841(a)(1),(b)(1)(A), (B) and (C), and 853; <br> 18 U.S.C. §§ 922(g)(1), 924(c)(1), and 924(d); <br> 28 U.S.C. § 2461(c) |

The Grand Jury charges:

### COUNT ONE

**Possession with Intent to Distribute Methamphetamine**
**21 U.S.C. § 841(a)(1), (b)(1)(A)**

On or about November 22, 2022, in the District of Idaho, the Defendant, EFREN ALEXANDER AVILES-PACHECO, did knowingly and intentionally possess with the intent to distribute at least fifty grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**INDICTMENT - 1**

## COUNT TWO

### Possession with Intent to Distribute Fentanyl
### 21 U.S.C. § 841(a)(1), (b)(1)(B)

On or about November 22, 2022, in the District of Idaho, the Defendant, EFREN ALEXANDER AVILES-PACHECO, did knowingly and intentionally possess with the intent to distribute at least forty grams or more of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THREE

### Possession with Intent to Distribute Cocaine
### 21 U.S.C. § 841(a)(1), (b)(1)(C)

On or about November 22, 2022, in the District of Idaho, the Defendant, EFREN ALEXANDER AVILES-PACHECO, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
### 18 U.S.C. § 924(c)(1)

On or about November 22, 2022, in the District of Idaho, the Defendant, EFREN ALEXANDER AVILES-PACHECO, did knowingly possess a firearm, to wit: one Ruger, model EC9s, 9mm caliber pistol, bearing serial number 459-82489, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: possession with intent to distribute methamphetamine, as charged in Count One; possession with intent to distribute fentanyl, as charged in Count Two; possession with intent to distribute cocaine, as

INDICTMENT - 2

charged in Count Three; all three Counts in violation of Title 21, United States Code, Section 841(a)(1), and all in violation of Title 18, United States Code, Section 924(c)(1).

## COUNT FIVE

### Unlawful Possession of Firearm
### 18 U.S.C. § 922(g)(1)

On or about November 22, 2022, in the District of Idaho, the Defendant, EFREN ALEXANDER AVILES-PACHECO, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; that is, possession with intent to distribute methamphetamine, entered on or about February 15, 2019, in case number 18-cr-00160-S-BLW, in the United States District Court for the District of Idaho, did knowingly possess a firearm, to wit: one Ruger, model EC9s, 9mm caliber pistol, bearing serial number 459-82489, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## CRIMINAL FORFEITURE ALLEGATIONS

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Count One, Two, and Three in this Indictment, the Defendant, EFREN ALEXANDER AVILES-PACHECO, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the Defendant obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to

**INDICTMENT - 3**

facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property</u>.  a.   $3,415 United States currency;

   b. One Ruger, model EC9s, 9mm caliber pistol, bearing serial number 459-82489; and,

   c. Miscellaneous ammunition.

2. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. <u>Substitute Assets</u>. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty.

All pursuant to Title 21, United States Code, Section 853.

**INDICTMENT - 4**

## Firearm Forfeiture
## 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

Upon conviction of the offenses alleged in this Indictment, the Defendant, EFREN ALEXANDER AVILES-PACHECO, shall forfeit to the United States, any firearms or ammunition involved in or used in the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>

    a. one Ruger, model EC9s, 9mm caliber pistol, bearing serial number 459-82489; and,

    b. Miscellaneous ammunition.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 15th day of February, 2023.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

CHRISTIAN S. NAFZGER
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT - 6**